Michael E. Piston
Attorney for the Plaintiff
225 Broadway Ste 307
New York, NY 10007
Phone 646-845-9895
Fax 206-770-6350

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MOHAMED QASEEM KAKAR**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br><br>Defendant. | Case No.:<br><br>COMPLAINT |

1

1. This is an action brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.*, by the plaintiff, Mohamed Qaseem Kakar, a resident of Queens County, New York, against the defendant, the United States Citizenship and Immigration Services (USCIS), a resident of Washington D.C., demanding that the USCIS's decision in File A077 935 717 and LIN0607551926 denying his Form I-485, Application to Register Permanent Residence or Adjust Status to Permanent Resident, be held unlawful and set aside on the grounds that it is arbitrary and capricious and not in accordance with law. 5 U.S.C. § 706(2).

2. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

3. As more fully described below, the USCIS's denial of adjustment of status was not in accordance with law in that it was in barred by collateral estoppel and arbitrary and capricious because it was irrational and unsupported by substantial evidence.

4. The USCIS denied Mr. Kakar's application for adjustment of status in substantial part because it found that he was inadmissible under 8

U.S.C. § 1182(a)(3)(B)(i)(I)  "for committing, 'under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity," where, as described by 212(a)(3)(B)(iii) (8 U.S.C. § 1182(a)(3)(B)(iii))  you used a weapon against other individuals with the intent to endanger, directly or indirectly, the safety of one or more individuals.'". *In re Kakar*, File Nos. A077 935 717 and LIN0607551926  (NSC April 5, 2016) (Exhibit A) at 4.

5. The claim that Mr. Kakar was inadmissible under 8 U.S.C. § 1182(a)(3)(B)(i)(I) as described above is not in accordance with law because it is barred by collateral estoppel in that this issue was fully litigated in his removal proceedings and the Immigration Judge necessarily found that he was not inadmissible on that ground by granting his application for asylum in 2000,  even though inadmissibility under  § 1182(a)(3)(B)(i)(I) was  a mandatory ground for denial of an application for asylum at that time. 8 U.S.C. § 1158(b)(2)(A)(v)(2000).

6. Further, none of the "intervening changes in the law related to the terrorist-related  inadmissibility  grounds  at INA section 212(a)(3)(B) (8 U.S.C. § 1182(a)(3)(B)) since your grant of asylum in 2000" referred to by the USCIS in Exhibit A are relevant to the claim that Mr. Kakar is inadmissible on the grounds described above.

7. Furthermore, there is no evidence in the record that Mr. Kakar "used a weapon against other individuals with the intent to endanger, directly or indirectly, the safety of one or more individuals".

8. In particular, the mere fact that Mr. Kakar may have used a gun or even fired it is not evidence that this use or firing was done with the intent to endanger, directly or indirectly, the safety of one or more individuals.

9. Finally, the record contains no evidence that any of the actions taken by Mr. Kakar constitute "terrorist activities" within the meaning of 8 U.S.C. § 1182(a)(3)(B)(iii) because it contains no evidence that any of them were "unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State)". 8 U.S.C. § 1182(a)(3)(B)(iii).

10. In particular, there is no evidence in the record that it was unlawful under the laws of Afghanistan for Mr. Kakar to bear, use or fire arms upon behalf the Taliban, which at that time made up the lawful government and armed forces of Afghanistan.

11. No is there any evidence in the record that bearing arms or the use or firing of arms upon behalf of a duly constituted government within its national borders would be unlawful under the laws of the United

States or any State.

12. Accordingly, the finding that Mr. Kakar was inadmissible to the United States for the reasons stated in paragraph 4 was not in accordance with law because it was barred by collateral estoppel and arbitrary and capricious because it was not supported by substantial evidence.

13. USCIS also denied Mr. Kakar's application for adjustment of status in substantial part because it found that he was "inadmissible under INA section 212(a)(3)(B)(i)(I)  (8 U.S.C. § 1182(a)(3)(B)(i)(I) )  for having engaged in terrorist activities, as defined by 212(a)(3)(B)(iv)(VI)(cc) (8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(cc)), when you provided material support to the Taliban by cleaning, cooking and washing clothes." Exhibit A at 4.

14. However, a person can be found to have engaged in terrorist activities, as defined by 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(cc), only if he is found to "commit an act that the actor knows, or reasonably should know, affords material support … to a terrorist organization described in subclause (I) or (II) of clause (vi) or to any member of such an organization;". 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(cc).

15. It was impossible for Mr. Kakar to know in 1999 when he cleaned, cooked and washed clothes for a group that called itself the Taliban,

that he was providing material support to a terrorist organization described in subclause (I) or (II) of clause (vi), inasmuch as the Taliban was not so designated until 2007, and so the finding that he was inadmissible for having provided material support to a terrorist organization was irrational and therefore arbitrary and capricious.

16. Further, cleaning, cooking and washing are not material support as the term is used in 8 U.S.C. § 1182(a)(3)(B)(iv)(VI).

17. Although "material support" is undefined in the Immigration and Nationality Act (the Act), the Act offers the following examples of it: "a safe house, transportation, communications, funds, transfer of funds or other material financial benefit, false documentation or identification, weapons (including chemical, biological, or radiological weapons), explosives, or training". 8 U.S.C. § 1182(a)(3)(B)(iv)(VI).

18. "(W)hen a statute contains a list of specific items and a general item, we usually deem the general item to be of the same category or class as the more specifically enumerated items." *Ass'n to Protect Hammersley v. Taylor Res.*, 299 F.3d 1007, 1016 (9th Cir. 2002) quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 834 (9th Cir. 1999).

19. Cleaning, cooking and washing clothes are not of the same category or class as a safe house, transportation, communications, funds,

transfer of funds or other material financial benefit, false documentation or identification, weapons (including chemical, biological, or radiological weapons), explosives, or training.

20. Accordingly the finding that Mr. Kakar was inadmissible for the reasons for having provided material support to a terrorist organization was not in accordance with law.

21. Therefore the USCIS's decision attached as Exhibit A denying Mr. Kakar application for adjustment of status was unlawful because it was arbitrary and capricious and not in accordance with law.

WHEREFORE Mr. Kakar demands that this Court hold unlawful and set aside the USCIS's decision in File A077 935 717 and LIN0607551926 denying his Form I-485, Application to Register Permanent Residence or Adjust Status to Permanent Resident.

Respectfully submitted this     day of September, 2016.

s/Michael E. Piston
Attorney for Plaintiff
225 Broadway Ste 307
New York, NY 10007
Ph: (646)845-9895
Fax: (206)770-6350
Email: michaelpiston4@gmail.com